**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————
**UNITED STATES OF AMERICA,**

      – against –

**FRANCISCO MATA,**

                    Defendant.
————————————————————————

**03 cr. 0036 (JGK)**

**MEMORANDUM OPINION & ORDER**


**JOHN G. KOELTL, District Judge:**

    By Order dated April 6, 2005, the Court of Appeals for the Second Circuit remanded this case to this Court for this Court to consider whether to resentence the defendant, after considering the currently applicable statutory requirements as explicated in United States v. Booker, 125 S.Ct. 738, 764 (2005) and United States v. Crosby, 397 F.3d 103, 118-20 (2d Cir. 2005).

    The Court sought written submissions from the parties and has considered those submissions, as well as the submissions in connection with the original sentence and the transcript of the sentencing proceeding that occurred on November 18, 2003.

The Court has determined not to resentence the defendant. The Court is convinced that the original sentence, which consisted primarily of a sentence of 33 months imprisonment to run consecutively to the undischarged term of the defendant's state court conviction, is the reasonable sentence fully consistent with 18 U.S.C. § 3553(a).  In particular, the Court notes that the defendant has a very considerable criminal history and the need for deterrence was particularly strong in this case. The sentence imposed was sufficient, but no greater than necessary to comply with the purposes in § 3553(a)(2).  The sentence also reflects the nature and circumstances of the offense and the history and characteristics of the defendant and avoids unwarranted sentencing disparities.  The Court has considered the defendant's personal history and all of the aspects of that history as argued by defense counsel, but that history also includes the significant criminal history.

In this case, the Court was aware that it had considerable discretion at the time of sentencing because the Court could have made the sentence concurrent or partially concurrent to the undischarged term of the defendant's state court sentence.

Indeed, in reaching the determination that the sentence should be consecutive, 18 U.S.C. § 3584(b) directed the Court to consider

sentence and the consecutive nature of the sentence are fully consistent with 18 U.S.C. § 3553(a).

Fully aware of its discretion, and having reconsidered all of the factors in 18 U.S.C. § 3553(a), the application for resentencing is **denied**.

SO ORDERED.

Dated: New York, New York
May 26, 2005

_____
John G. Koeltl
United States District Judge